UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>ARA ARTUNI, ET AL.,<br><br>             Defendants. | No. CR 2:25-00434-JLS<br><br><u>AMENDED PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT, COOPERATING WITNESS, AND COOPERATING DEFENDANT INFORMATION</u> |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information ("PII"), Medical Information, Privacy Act Information ("PAI"), and Confidential Informant ("CI"), Cooperating Witness ("CW"), and Cooperating Defendant Information, filed by the government and defendant ARA ARTUNI, also known as ("aka") "Ara Harutyunyan," aka "Aro," aka "Araboyi," aka "Arabo," aka "Santos," ("defendant ARTUNI"), defendant ALEX AGOPIAN aka "Alik," ("defendant AGOPIAN"), defendant VAHAGN STEPANYAN, aka "Vee," aka "Vova Titov," aka "Juha Alver," aka "Vahan Stephanian," aka "Aso Balvanov," ("defendant STEPANYAN"), defendant ARVIN ALBERT KAZARYAN, aka

"Artur," aka "Art," ("defendant KAZARYAN"), defendant MANUK MANUKYAN ("defendant MANUKYAN"), and defendant LEVON ARAKELYAN ("defendant ARAKELYAN"), (collectively the "defendants"), in this matter on August 6, 2025, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to defendants' alleged crimes, that is, violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy; 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity; 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud and Bank Fraud; 18 U.S.C. § 371: Conspiracy to Commit Theft from Interstate and Foreign Shipments; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 922(o)(1): Possession of Machineguns; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; and 26 U.S.C. § 5861(i): Possession of Firearms Not Identified by a Serial Number.

2. A protective order for the discovery is necessary so that the government can produce to the defense materials regarding confidential informants ("CI"), cooperating witnesses ("CW"), and/or cooperating defendants who participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the confidential informants, cooperating witnesses, and/or cooperating defendants, the Court finds that the unauthorized dissemination or distribution of the materials may (1) compromise the ability of such person(s) to participate effectively in the instant matter, (2) compromise the ability of such person(s) to participate in future investigations in an undercover capacity,

and/or (3) expose him/her and/or his/her family to potential safety risks.

3. A protective order for the discovery is also necessary so that the government can produce to the defense materials containing third parties' PII and medical information. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306. Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to any defendant an unredacted set of discovery containing this information without this Court entering the Protective Order. Moreover, PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to their respective defendant, or prepare for trial.

4. An order is also necessary because the government intends to produce to the defense materials that may contain information

3

within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). The Court finds that, to the extent that these materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

5. The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide defense counsel with sufficient information to adequately represent their respective defendant.

6. Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

  a. "Victim Information" includes information relating to any and all "means of identification" of a victim and his/her family members under 18 U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII Materials, Privacy Act Information, Medical Materials, and any and all identifying statements made by a victim that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts of recordings that were made in English or translated from any foreign language, including, but not limited to, Spanish, Armenian, and/or Russian, to English.

  b. "Witness Information" includes information relating to any and all "means of identification" of a witness and his/her family members under 18 U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII Materials, Privacy Act Information, Medical Materials, and any and all identifying statements made by a witness that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts of recordings that were

4

made in English or translated from any foreign language, including, but not limited to, Spanish, Armenian, and/or Russian, to English.

   c. "Cooperating Informant or Witness Information" includes information relating to any and all "means of identification" of a CI or CW and his/her family members under 18 U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII Materials, Privacy Act Information, Medical Materials, nicknames, law enforcement identifiers (e.g., confidential human source names and/or numbers), and any and all identifying statements made by a CI or CW that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts of recordings that were made in English or translated from any foreign language, including, but not limited to, Spanish, Armenian, and/or Russian, to English.

   d. "Cooperating Defendant Information" includes any and all information relating to any "means of identification" of a cooperating defendant and his/her family members under 18 U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII Materials, Privacy Act Information, Medical Materials, nicknames, and/or law enforcement identifiers (e.g., confidential human source names and/or numbers), and any and all identifying statements made by a cooperating defendant that were audio and/or video recorded, summarized in reports or affidavits, and/or contained in transcripts of recordings that were made in English or translated from any foreign language, including, but not limited to, Spanish, Armenian, and/or Russian, to English.

   e. "CI Materials" includes, but is not limited to, PII Materials, Privacy Act Information, and Medical Materials.

      f.   "PII Materials" includes any and all information that can be used to identify any person, including, but not limited to, a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

      g.   "Medical Materials" includes any and all individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

      h.   "Attorney's Eyes Only ("AEO") Materials" includes Victim Information, Witness Information, Cooperating Informant or Witness Information, and Cooperating Defendant Information, in addition to any and all information relating to a CI, CW, and/or defendant's current and prior history of cooperation with law enforcement, current and prior criminal history, statements, or any other information that could be used to identify a CI, CW, and/or cooperating defendant, including, but not limited to, a name, nickname, image, address, date of birth, or unique personal identification number, such as a Social Security number, law enforcement number, driver's license number, account number, and/or telephone number.

      i.   "Confidential Information" refers to any document or information containing: CI Materials, Privacy Act Information, PII Materials, and/or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

      j.   "AEO Information" refers to any document or information containing AEO Materials that the government produces to

the defense pursuant to this Protective Order and any copies thereof.

k.  For each individual defendant, "Defense Team" includes (1) his counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case (1) whom defense counsel has identified to the government in writing and (2) who have (a) signed Exhibit A to the underlying stipulation or a similar form attached thereto, (b) provided the signed exhibit to the government, and (c) filed the signed exhibit on the docket in this matter consistent with and with reference to this stipulation.  The Defense Team does not include any defendant, any defendant's family members, any other associates of a defendant, or anyone who has not is signatory to this stipulation or any of its exhibits.

l.  For each individual defendant, "AEO Defense Team" includes defense counsel in addition to specific attorneys and/or paralegals at defense counsel's law firm who are assisting defense counsel with this case (1) whom defense counsel has identified to the government in writing and (2) who have (a) signed Exhibit A to the underlying stipulation or a similar form attached hereto, (b) provided the signed exhibit to the government, and (c) filed the signed exhibit on the docket in this matter consistent with and with reference to this stipulation.  The AEO Defense Team does not include any defendant, any defendant's family members, any other

7

associates of a defendant, or anyone who has not is signatory to this stipulation or any of its exhibits.

  m. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

  n. The government is authorized to provide defense counsel with AEO Information marked with the following legend or something similar: "ATTORNEY'S EYES ONLY -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any CI Materials, PII Materials, Privacy Act Information, Medical Materials, or AEO Materials contained in the production of AEO Information.

  o. If any defendant objects to a designation that material contains Confidential Information and/or AEO Information, that defendant, by and through his attorney of record, shall meet and confer with the government.  If the parties cannot reach an agreement regarding the defendant's objection, said defendant may apply to the Court to have the designation removed.

  p. Each defendant, his Defense Team, and his AEO Defense Team shall use the Confidential Information and/or AEO Information solely to prepare for any pretrial motions, plea negotiations,

8

trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

  q. Each defendant's Defense Team shall not permit anyone other than that specific Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

  r. Each defendant's AEO Defense Team shall not permit anyone other than members of that specific AEO Defense Team to see and review AEO Information at any time. At no time, under no circumstance, shall any AEO Information be shown to any defendant, or left in the possession, custody, or control of any defendant, regardless of that defendant's custody status. The AEO Defense Team shall not show, orally disclose, or share in any manner, with any defendant or any other individual or witness who is not a member of the AEO Defense Team any AEO Information.

  s. Notwithstanding the paragraph(s) above, each defendant may see and review CI Materials only in the presence of his specific defense counsel and said defense counsel shall ensure that that defendant is never left alone with any CI Materials. At the conclusion of any meeting with a defendant at which he is permitted to view CI Materials, that defendant must return any CI Materials to his defense counsel, who shall take all such materials with counsel. That defendant may not take any CI Materials out of the room in which he is meeting with his defense counsel. At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of any defendant, regardless of that defendant's custody status.

t. Notwithstanding the paragraph(s) above, each AEO Defense Team member may see and review AEO Materials only in the presence of defense counsel who is a member of that specific AEO Defense Team and said defense counsel shall ensure that that other members of the AEO Defense Team are never left alone with any AEO Materials. At the conclusion of any meeting with the AEO Defense Team at which members of the AEO Defense Team are permitted to view AEO Materials, those members of the AEO Defense Team must return any AEO Materials to defense counsel, who shall take all such materials with counsel. Those members of the AEO Defense Team may not take any AEO Materials out of the room in which he/she/they are meeting with defense counsel. At no time, under no circumstance, will any AEO Information be left in the sole possession, custody, or control of any member of the AEO Defense Team, aside from defense counsel. Aside from defense counsel, members of the AEO Defense Team may not copy, keep, maintain, or otherwise possess AEO Materials.

u. Each defendant may review PII Materials and Medical Materials only in the presence of a member of his specific Defense Team, who shall ensure that that defendant is never left alone with any PII Materials or Medical Materials. At the conclusion of any meeting with a defendant at which he is permitted to view PII Materials or Medical Materials, that defendant must return any PII Materials or Medical Materials to his Defense Team, and the member of the Defense Team present shall take all such materials with him or her. That defendant may not take any PII Materials or Medical Materials out of the room in which he is meeting with the Defense Team.

   v. Each defendant may see and review Confidential Information as permitted by this Protective Order, but no defendant may copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Also, no defendant may write down or memorialize any data or information contained in the Confidential Information.

   w. No defendant can see, review, copy, keep, maintain, summarize, memorialize, or otherwise possess any AEO Information as defendants will have access to redacted versions of that same discovery consistent with this Protective Order.

   x. Members of a Defense Team may review Confidential Information with a witness or potential witness in this case, including its respective defendant; however, defense counsel must be present whenever any CI Materials are being shown to a witness or potential witness.  A member of said Defense Team must be present if PII Materials or Medical Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any defense witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  All such members of the Defense Team, witnesses, and proposed witnesses shall sign a signature page provided by the government consistent with Exhibit A attached to the underlying stipulation.  The Defense Team shall maintain those signature pages and shall not be required to produce them absent a court order.  No member of said Defense Team shall permit a defense witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

y. Members of any AEO Defense Team may not review AEO Information with anyone, including, but not limited to any witness(es), potential witness(es), and/or defendants in this case and must instead use the corresponding redacted discovery in accordance with this Protective Order. Before being shown any portion of AEO Information, any additional proposed members of the AEO Defense Team must be identified to the government, and be informed of, and agree in writing to be bound by, the requirements of the Protective Order by the applicable defense counsel. Such identification shall include signing a signature page provided by the government consistent with Exhibit A attached to the underlying stipulation. Aside from defense counsel, no members of the AEO Defense Team shall be permitted to retain AEO Information or any notes generated from AEO Information.

z. Each Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence. CI Materials shall not be left unattended in any vehicle.

aa. Each defense attorney shall maintain AEO Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone

12

other than members of their respective AEO Defense Team to see and review AEO Information; (2) not divulging to anyone other than members of their respective AEO Defense Team the contents of AEO Information; and (3) not permitting AEO Information to be outside of counsel's office(s) or personal presence. AEO Information shall not be left unattended in any vehicle.

  bb. To the extent that a defendant, his Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

  cc. To the extent that members of an AEO Defense Team create notes that contain, in whole or in part, AEO Information, or to the extent that copies are made for authorized use by members of the AEO Defense Team, such notes, copies, or reproductions become AEO Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

  dd. Each Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written

notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CI Materials, PII Materials, or Medical Materials and make all reasonable attempts to limit the divulging of CI Materials, PII Materials, or Medical Materials.

    ee. Each AEO Defense Team shall use AEO Information only for the litigation of this matter, which includes any appeal filed by defendants and any motion filed by defendants pursuant to 28 U.S.C. § 2255, and for no other purpose but shall not file any AEO Information without first redacting such information or, in the event that a party needs to file AEO Information with the Court or divulge the contents of AEO Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any AEO Information and make all reasonable attempts to limit the divulging of AEO Information.

    ff. Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER" or something similar, the government shall reproduce the material with the

14

1  correct designation and notify defense counsel of the error.  The
2  Defense Team shall take immediate steps to destroy the unmarked
3  material, including any copies.
4          gg.  Any AEO Information inadvertently produced in the
5  course of discovery prior to entry of the Protective Order shall be
6  subject to the terms of the Protective Order.  If AEO Information
7  was inadvertently produced prior to entry of the Protective Order
8  without being marked "ATTORNEY'S EYES ONLY -- CONTENTS SUBJECT TO
9  PROTECTIVE ORDER" or something similar, the government shall
10 reproduce the material with the correct designation and notify
11 defense counsel of the error.  The AEO Defense Team shall take
12 immediate steps to destroy the unmarked material, including any
13 copies.
14         hh.  If any Confidential Information contains both CI
15 Materials and another category of Confidential Information, the
16 information shall be handled in accordance with the CI Materials
17 provisions of the Protective Order.
18         ii.  If any AEO Information contains both AEO Materials
19 and another category of Confidential Information, the information
20 shall be handled in accordance with the AEO Materials provisions of
21 the Protective Order.
22         jj.  No AEO Defense Team member shall disclose the fact
23 that an individual is a CI, CW, and/or cooperating defendant to any
24 individual who is not also an AEO Defense Team member.
25         kk.  Confidential Information shall not be used by any
26 defendant or Defense Team, in any way, in any other matter, absent
27 an order by this Court.  All materials designated subject to the
28 Protective Order maintained in any Defense Team's files shall remain

subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return CI Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials or Medical Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

   ll.  AEO Information shall not be used by the AEO Defense Team, in any way, in any other matter, absent an order by this Court.  All AEO Materials designated subject to the Protective Order maintained in defense counsel's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return AEO Materials to the government or certify that such materials have been destroyed.

   mm.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney(s) assigned to the case.  New defense counsel then will become the Defense Team and the AEO Defense Team's custodian of

16

materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for: (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials or Medical Materials; and (2) returning to the government or certifying the destruction of all CI Materials and AEO Materials.

    nn. Defense counsel shall advise their respective defendant and all members of their Defense Team and AEO Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant, members of the Defense Team, and/or members of the AEO Defense Team with access to any materials subject to the Protective Order.

    IT IS SO ORDERED.

September 8, 2025

_____      _____
DATE     HONORABLE JOSEPHINE L. STATON
    UNITED STATES DISTRICT JUDGE